FARMER, Judge,
concurring specially.
I concur in affirming the cost judgment in this criminal case. Defendant was convicted of two misdemeanors. At sentencing, the trial judge announced that he would impose a separate cost of $50 for each conviction under section 27.3455, Florida Statutes (1993), for the Local Government Criminal Justice Trust Fund. Defendant made no objection to this assessment. On appeal he argues for the first time, as fundamental error [sic], that only a single charge of $50 in costs could have been imposed, contending that this statute permits but one assessment for the entire case, no matter how many misdemeanors are involved. In short, this entire appeal is all about the taxation of $50 in costs!
Apart from the obvious fact that he has waived this argument by failing to make it to the trial judge, I have considerable difficulty in seeing even an arguable case here for fundamental error. I do not understand how the assessment of $50 in costs, even if I thought it improper (which I do not), could ever amount to fundamental error. There is, or ought to be, a minimum level of consequences below which appellate courts will not go in order to find error. Wherever may be that line, the assessment of $50 in statutorily required costs is well below it.
To regard the taxation of so small a sum as fundamental error seems to me to trivialize appellate review. I join in affirming.